Filed 9/4/14  P. v. Hernandez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049024 |
| v. | (Super. Ct. No. 13CF1955) |
| STEVEN AKEEL HERNANDEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Dan McNerney, Judge.  Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Steven Akeel Hernandez of having committed vandalism causing less than $400 in damages (Pen. Code, § 594, subd. (a) & (b)(2)(A); all further statutory references are to this code). Because the jury also found the vandalism was committed for the benefit of a criminal street gang (§ 186.22, subd. (d)), the crime is a felony. The trial court suspended imposition of sentence and placed defendant on three years formal probation, with conditions that included service of 170 days in the county jail, and the payment of a restitution fine and fees. He filed a timely notice of appeal.

We appointed counsel to represent defendant. Counsel filed a brief summarizing the facts of the case and, while not arguing against defendant, advised us he found no issues to argue in his behalf. (*Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We notified defendant he could file written argument on his own behalf, but the period to do so has passed and we have received no communication from him.

FACTS

Park patrons alerted Sandra Garcia, a worker at a community center, to apparent graffiti spraying. From her window, she saw a man shaking a can, then moving to a tree, making a circular motion. She called 911 and reported the incident. Garcia described two men. She identified defendant as the person she had seen with the spray can.

Police officer Abelardo Oropeza was nearby. He noticed two persons, including defendant, standing near the tree. He also observed graffiti on the tree and on the wall of a nearby handball court. The paint was fresh. Oropeza confronted the two

persons and defendant became angry and yelled profanities at the officer. When defendant was apprehended shortly thereafter, Oropeza noticed paint on his finger.

Oropeza also qualified as an expert on criminal street gangs. He testified as to the existence and nature of a criminal street gang named the Alley Boyz, identified the individual arrested with defendant as a member of that gang, and expressed the opinion defendant acted for the benefit of the Alley Boyz gang.

## DISCUSSION

We independently examined the record, including a sealed transcript of a hearing on defendant's unsuccessful motion for discovery of Officer Oropeza's personnel records (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531) and found no arguable issue.

Appellate counsel's opening brief suggests we consider two other issues: (1) whether the court erred in failing to bifurcate the vandalism charge from the gang enhancement; and (2) whether the court erred in admitting certain out-of-court statements for a nonhearsay purpose. We recognize that, in *AndersWende* appeals, we are obligated to briefly describe the defendant's crimes, the facts and procedural history of his or her conviction, plus the punishment imposed. (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124.) Also, if the defendant personally files a brief, we must address the issues raised by him or her. (*Id.* at p. 124.) But there is no such obligation with respect to so-called "'arguable-but-unmeritorious' issues" suggested by counsel. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 111.) Therefore, as to these issues, we agree with counsel they are not meritorious and therefore decline to address them.

DISPOSITION

The judgment is affirmed.


RYLAARSDAM, ACTING P. J.

WE CONCUR:


BEDSWORTH, J.


THOMPSON, J.

4